```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

R. A. CARLETTI,

               Plaintiff,

vs.                              Case No. 2:10-cv-109-FtM-29DNF

M. CROOKSTON CIURA,

               Defendant.
_____

**ORDER**

     This matter comes before the Court on the Application to Proceed Without Prepayment of Fees and Affidavit (Doc. #2) filed on February 19, 2010. The Plaintiff, R. A. Carletti is requesting leave to proceed *in forma pauperis*. When an application to proceed *in forma pauperis* is filed, the Court is obligated to review the file pursuant to Title 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915. A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). *Pro se* complaints should be

held to a less stringent standard than pleadings drafted by attorneys. Watson v. Ault, 525 F.2d 886, 891 (5th Cir. 1976[1]).

In this case, the Court's review of the Complaint reveals that Plaintiff has failed to set forth his claim adequately. Accordingly, the Plaintiff will be required to file an Amended Complaint in accordance with Federal Rules of Civil Procedure 8 and 10. The Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. Plaintiff must provide support in the statement of facts for the claimed violations. Additionally, in the body of the amended complaint Plaintiff should clearly describe how each named defendant is involved in the alleged claim. More than conclusory and vague allegations are required to state a cause of action. Plaintiff is reminded that his *pro se* status does not free him from the requirements of the Federal Rules of Civil Procedure, which Rules Plaintiff is directed to consult before filing this additional material.

The Court reviewed the Plaintiff's Application to Proceed in Without Prepayment of Fees and Affidavit (Doc. 2). The information provided is not sufficient for the Court to make a determination as to the financial ability of the Plaintiff to pay the filing fee,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

therefore, the Court will require the Plaintiff to complete the Application to Proceed Without Prepayment of Costs (Long Form).

Accordingly, it is now

**ORDERED:**

1) The Plaintiff shall file an Amended Complaint within **TWENTY-ONE (21) DAYS** from the date of this Order. If the Plaintiff fails to file an Amended Complaint within this time period, the Court will dismiss the action.

2) The Clerk is directed to send to the Plaintiff the Pro Se Step-By-Step packet and an Application to Proceed Without Prepayment of Costs (Long Form).

3) Within **TWENTY-ONE (21) DAYS**, the Plaintiff shall complete and file with the Clerk's Office the Application to Proceed Without Prepayment of Costs (Long Form).

**DONE AND ORDERED** at Fort Myers, Florida, this   23rd   day of February, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record